No. 2806

Second Circuit

GORDON v. GREER

OSBORNE, Intervenor

(December 11, 1926. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal—Par. 625.

Where the question involved is one of fact, the finding of the judge a qua will not be disturbed unless manifestly erroneous.

Cunningham vs. Middleton, 4 La. App. 642.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Richland. Hon. John R. McIntosh, Judge.

Action by Mrs. Annie Moore Gordon against V. G. Greer. Clay Osborne, Intervenor.

There was judgment in favor of plaintiff by default and recognizing intervenor's claim in part.

Plaintiff appealed.

Judgment amended and affirmed.

John M. Munholland, of Rayville, attorney for plaintiff, appellant.

Warren Hunt, of Rayville, attorney for intervenor, appellee.

George Wesley Smith, of Rayville, attorney for defendant.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sued defendant on a rent note given by him to her for $500.00, dated January 1, 1925, payable to her order on September 15, 1925, bearing eight per cent per annum interest from its maturity until paid and stipulating payment of ten per cent attorney's fees if placed in the hands of an attorney for collection.

In aid of her suit she obtained the issuance of a writ of provisional seizure in virtue of which the sheriff seized certain growing crops and other movables.

Clay Osborne intervened in the suit and claimed ownership of one mule and two cows and two calves seized. He claimed to

have purchased the cows and calves from defendant in good faith and to have paid him for them and also in good faith to have exchanged defendant a horse for the mule. He asked for judgment recognizing his ownership of the animals and for damages for their illegal seizure.

Plaintiff answered the intervention and denied intervenor's claims and alleged, in the alternative, that if there had been a transfer of the animals from defendant to intervenor as alleged it was fraudulent and the result of a fraudulent conspiracy between defendant and intervenor to shield the animals from seizure and sale by plaintiff for her rent, and she prayed that the transfer be declared fraudulent and void. She also asked for damages against intervenor for fraudulent conspiracy.

On these issues the case was tried and there was judgment against the defendant and in favor of the plaintiff by default for $500.00 with 8 per cent per annum interest thereon from September 15, 1925, less a credit of $218.24, as of date October 1, 1925, net proceeds of seized property sold, with recognition of plaintiff's lessor's privilege on all the property seized, except the mule claimed by intervenor.

On the intervention, there was judgment in favor of the intervenor for the mule, but rejecting his claim for the two cows and calves.

From this judgment plaintiff appealed. Intervenor did not appeal nor has he asked for an amendment of the judgment in this court.

## OPINION

As the intervenor has not appealed nor asked for an amendment of the judgment

by this court, the judgment, insofar as it is against him, must remain unchanged.

The evidence shows that about forty-five days before the seizure the defendant and the intervenor entered into a contract of exchange whereby the intervenor traded the defendant a horse for the mule claimed.

Transfer of possession of the animals was made at the time of the exchange, and the intervenor had worked the mule in his own field during the forty-five days preceding the seizure.

It is not contended by plaintiff that the horse given by defendant was of less value than the mule received by him, and a fair exchange having taken place the plaintiff was not injured thereby and has no right to complain.

The trial judge who heard the witnesses testify and observed their demeanor on the witness stand decided that the mule belonged to intervenor. Under all the evidence we think that finding correct.

Both plaintiff and intervenor seem to have been in error as to their respective rights; the plaintiff in seizing intervenor's mule, and the intervenor in attempting to deprive plaintiff of her lessor's privilege on the two cows and two calves.

Their respective claims for damages mutually set each other off and were properly rejected.

Plaintiff complains that the judgment failed to allow her ten per cent attorney's fees on her debt as stipulated for in the note. She is entitled to have the judgment corrected so as to allow these.

For the above reasons, it is ordered, adjudged and decreed that the judgment appealed from be amended, and it is now

ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Mrs. Annie Moore Gordon, and against the defendant, V. G. Greer, in the sum of five hundred dollars, with interest thereon at the rate of eight per cent per annum from September 15, 1925, until paid, and ten per cent on the amount of principal and interest as attorney's fees, less a credit of two hundred and eighteen and 24-100 dollars as of date October 1, 1925, with recognition of plaintiff's lessor's lien and privilege on all the property seized under the writ of provisional seizure, except the mule, which is decreed to be the property of the intervenor, Clay Osborne, and not subject to seizure. That the writ of provisional seizure be sustained on all the property seized, except the mule, and that said property be sold by the sheriff for the satisfaction of this judgment and that out of the proceeds of sale the plaintiff be paid by preference and priority.

It is further ordered, adjudged and decreed that the intervention be sustained insofar as the mule therein claimed is concerned and that intervenor be decreed to be the owner and entitled to the possession of the mule, but that in all other respects intervenor's demands be rejected. The defendant to pay all the costs of the suit.

And, as thus amended, the judgment appealed from is affirmed.